FILED

DEC 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Herbert L. Aaron, )
10410 Mountain Quail Road )
Silver Spring, MD 20901 )
301-681-9383 )
240-475-8668 )
301-683-5056 (Fax) )

Plaintiff

    v.

R. James Nicholson, )
Secretary, )
U.S. Department of Veterans Affairs, )
Office of the General Counsel (024) )
810 Vermont Ave., N.W. )
Washington, DC 20420 )
                               )
Defendant )

CASE NUMBER 1:06CV02156

JUDGE: Reggie B. Walton

DECK TYPE: Employment Discrimination

DATE STAMP: 12/19/2006

## COMPLAINT

I, Herbert L. Aaron, Plaintiff, Pro Se, am an employee of the Washington, DC VA

Medical Center, Department of Veterans Affairs. R. James Nicholson is sued in his

official capacity as the Secretary, Department of Veterans Affairs.

## I. Jurisdiction

This is a civil action following the final decision of the U. S. Equal Employment Commission finding that the Department of Veterans did not breach the settlement agreements with the plaintiff. The U. S. District Court has jurisdiction under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and 29 C.F.R.1614.

## FACTS

On July 15, 1999, Plaintiff signed a settlement agreement resolving several discrimination complaints. The settlement agreement included a provision which stated "Note, payroll and billing duties will not be transferred to Complainant. However, he will be required to aggregate all the information generated so that well-informed decisions may be made with respect to the budget by the Coordinator, Compensated Work therapy; and Chief of Social Work Service and/or the head of the Product Line." It also in included a provision which stated "Complainant may be required to perform clerical tasks in concert with his regular duties and responsibilities. These clerical tasks will be comparable to those performed by other employees in Social Work Service and will in no way become part of Mr. Aaron's regular duties and responsibilities."

On February 9, 2004, Plaintiff signed another settlement agreement with the Department of Veterans Affairs. One provision of that settlement agreement stated that the Agency "SHALL continue to honor the terms and conditions specified in the Complainant's prior EEO Settlement Agreement dated July 15, 1999.

On November 16, 2004, Plaintiff was told by his supervisor that he would now be required to take minutes of meeting. Plaintiff protested that this would clearly violate his settlement agreements. The supervisor followed this up with a memo, a schedule, and e-mails. On February 25, 2005, Plaintiff appealed the breach of the settlement agreement to EEOC.

Plaintiff's supervisor stopped providing him with the information that he needed to aggregate the financial data. The supervisor and her subordinates were the only ones who had control of this information. Withholding it prevented plaintiff from aggregating the financial data. On February 8, 2005, Plaintiff filed a breach of Settlement Appeal with the EEOC.

On December 16, 2004, Plaintiff supervisor issued him performance standards which included the requirement " Coordinates with Fiscal Service to ensure that Veterans Industries Accounts have been credited and reconciled. This requires regular contact with Fiscal Service to obtain reports requires completing reviews." On February 7, 2005, Plaintiff filed a Breach of Settlement Appeal with the EEOC.

### III. REQUEST FOR RELIEF

**Plaintiff respectfully request that this court enter a judgment:**

a. Declaring that the acts and practices complained of herein are in violation of the Settlement Agreements dated July 1999 and February 9, 2004.

b. Awarding Plaintiff compensatory damages in the amount of $150,000.00

c. Reinstate the processing of the complaints covered by the Settlement Agreement dated July 15, 1999.

d. Directing Defendant to fully comply with the terms of the Settlement Agreement dated February 9, 2004, enjoining and permanently restraining violations of this settlement agreement.

e. Awarding Plaintiff the cost of the action.

    f.   Granting such other relief as this court deems necessary and proper.

Respectfully submitted,

December 19, 2006

Herbert L. Aaron

Plaintiff

Pro Se

10410 Mountain Quail Road

Silver Spring, MD 20901

301-681-9383

240-475-8668

301-681-5056 (FAX)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Aaron L. Herbert,
Complainant,

v.

R. James Nicholson,
Secretary,
Department of Veterans Affairs,
Agency.

Request No. 05A60991

Appeal No. 01A52456

Agency Nos. 97-0366; 97-1055; 97-2210; 98-3107 & 2004-2115

DENIAL

Complainant timely requested reconsideration of the decision in *Aaron L. Herbert v. Department of Veterans Affairs*, EEOC Appeal No. 05A60991 (July 14, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

The underlying appeal to our office involved an alleged breach of settlement. Complainant argued that the agency had violated the terms of the July 15, 1999 and February 9, 2004 settlement agreements[1] when it (1) assigned him the clerical duty of taking minutes at agency meetings; (2) stopped providing him information to aggregate data; and (3) required him to perform payroll and billing duties. In our decision on the matter, we affirmed the agency's final decision concluding that the agency substantially complied with the settlement agreements. Specifically, we determined that the plain language of the July 15, 1999 agreement permits the

---

[1] The February 2004 agreement states, in pertinent part, that the agency shall "continue to honor the terms and conditions specified in the Complainant's prior EEO Settlement Agreement dated July 15, 1999." In his request for reconsideration, complainant attempts to draw a distinction between the terms of the agreement, but based on the plain language of the February 2004 agreement, we find no such distinction.

2                                                                                        05A60991

agency to assign to complainant clerical tasks such as the one he disputes. We also found that the settlement agreements did not require the agency to provide complainant with the information he claims. Lastly, we found that although the agency did not initially comply with clause (2) of the July 15, 1999 agreement, the agency removed the disputed duties from his Performance Standards, thus resolving the matter.

In his request for reconsideration, complainant maintains that the agency remains in breach of the agreements. Specifically, he argues that the taking meeting minutes is not the kind of clerical task envisioned by the drafters and signatories of the agreements. He points out that we incorrectly stated that Compensated Work Therapy employees, who perform such tasks, are part of the Social Work Service group. The agreement, he indicates, specifically states that he may perform clerical duties of the sort *Social Work Service* employees perform. Additionally, he argues that the agency retaliated against him for his protected activity by withholding information necessary to aggregate data, and that that is a breach of the agreement. Lastly, he maintains that although the payroll and billing duties were taken off of his performance standards, his supervisor still expects him to perform such duties.

As mentioned above, we only grant requests for reconsideration in two very narrow circumstances. Our regulations and Management Directive are very clear: a "request for reconsideration is not a second appeal to the Commission." Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at 9-17 (rev. Nov. 9, 1999). We note that the only relevant argument that complainant raises before us now is, as he argues, that we misinterpreted material facts of his claim because we stated that the taking minutes is an acceptable clerical task as Compensated Work Therapy employees are a subgroup of the Social Work Service group. We do not dispute that such a distinction between the two employee groups exists; however, we find the distinction to be immaterial. The taking of meeting minutes is a function that falls under the OPM's definition of what constitutes "clerical" tasks. *See* OPM, Clerical and Technical Accounting and Budget Work at 3 (Dec. 1997). It involves the preparing of documents, and compiling information from data sources. *See id.* Regardless of who performs the task, the taking a minutes is a clerical task.

As such, we deny the request for reconsideration as it fails to meet the criteria of 29 C.F.R. § 1614.405(b). Based on the evidence before us, our interpretation of the material facts and law of this case are not clearly in error, and we do not find that our previous decision overlooked any material evidence. It is clear to us that complainant intended to file a second appeal, but that is not the purpose of our reconsideration authority. Therefore, the decision in EEOC Appeal No. 01A52456 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.[2]

---

[2] To the extent complainant raises a retaliation claim, the issue should be raised to an EEO Counselor within forty-five days of the alleged incident and should be processed as a new and separate claim, and not as a breach allegation. *See Bindal v. Dep't of Veterans Affairs*, EEOC Request No. 05900225 (Aug. 9, 1990).

3                                                                    05A60991

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*[signature]*
_____
Carlton M. Hadden, Director
Office of Federal Operations

SEP 1 9 2006
_____
Date

4                                               05A60991

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:**

Aaron L. Herbert
10410 Mountain Quail
Silver Spring, MD  20901

James S. Jones, Deputy Assistant Secretary, Resolution Management
Office of General Counsel (024)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC  20420


SEP 1 9 2006
--------------
Date

*(signature)*
--------------
Equal Opportunity Assistant



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036


Herbert L. Aaron,
Complainant,

v.

R. James Nicholson,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 01A52456[1]

Agency Nos. 97-0366; 97-1055; 97-2210; 98-3107 and 2004-2115

DECISION

Complainant filed a timely appeal with this Commission from a final decision (FAD) by the agency dated January 21, 2005, finding that it was in compliance with the terms of the July 15, 1999 and the February 9, 2004 settlement agreements into which the parties entered. The settlement agreement, dated July 15, 1999, provided, in pertinent part, that:

(1) Complainant may be required to perform clerical tasks in concert with his regular duties and responsibilities. These clerical tasks will be comparable to those performed by other employees in Social Work Service and will in no way become part of [complainant's] regular duties and responsibilities.

---

[1] The Commission has simultaneously closed EEOC Appeal No. 01A52457 because it is a duplicate of the instant appeal. We note that complainant contends that EEOC Appeal No. 01A52457 ought to be decided separately from the instant appeal because it addresses his allegations of breach of a 2004 settlement agreement, whereas 01A52456 addresses allegations of breach of a 1999 settlement agreement. The agency responds that all of complainant's breach allegations should be addressed in one decision on appeal, noting that the 2004 settlement agreement merely "honors" the terms of the 1999 settlement agreement, and therefore, all of complainant's breach allegations concern the same terms that are in both settlement agreements. We find that complainant has only appealed one FAD (issued January 21, 2005) concerning breach allegations that apply equally to the 1999 and 2004 settlement agreements. Accordingly, we agree with the agency that only one appeal should have been docketed in this matter.

(2) Note, payroll and billing duties will not be transferred to Complainant. However, he will be required to aggregate all the information generated so that well-informed decisions may be made with respect to the budget by the Coordinator, Compensated Work Therapy; and Chief of Social Work Service and/or the Head of the Product Line. Complainant will substantially prepare a budget and will assist the Coordinator, Compensated Work Therapy; and Chief of Social Work Service and/or Head of the Product Line, prepare the budget. Complainant's duties in this area will include reviewing the adequacy of fund control balances and monitoring trends and/or gaps in billing and cash receipts which might adversely affect the overall budget process. Complainant's oversight, monitoring and review of the budget process will be ongoing throughout the fiscal year.

The settlement agreement, dated February 9, 2004, provided, in pertinent part, that the agency shall "Continue to honor the terms and conditions specified in the Complainant's prior EEO Settlement Agreement dated July 15, 1999."

By three separate letters to the agency, complainant alleged that the agency was in breach of the 1999 settlement agreement, and requested that the agency specifically implement its terms. First, by letter dated November 13, 2004, complainant alleged that the agency violated the 1999 settlement agreement when complainant's supervisor (S1) assigned complainant clerical duties by requesting that he complete minutes at agency meetings. Complainant alleged that the 1999 settlement agreement prohibits such duties. Second, by letter dated November 23, 2004, complainant alleged that the agency was in breach of the 1999 settlement agreement when the agency stopped providing complainant with information that complainant needed in order to aggregate financial data. Third, by letter dated December 17, 2004, complainant alleged that the agency was in breach of the 1999 settlement agreement when the agency required complainant to perform payroll and billing duties. Complainant alleged that the 1999 settlement agreement prohibits such duties.

The agency's FAD, dated January 21, 2005, found that the agency did not breach the 1999 settlement agreement when S1 asked complainant to perform clerical duties. The agency argued that the plain and unambiguous language of the 1999 settlement agreement clearly permits the assignment of clerical duties to complainant. Moreover, the agency indicated that the clerical duties are similar to the duties carried out by others in Social Work Service as required under the 1999 settlement agreement. The agency failed to address complainant's second and third breach allegations.

On appeal, complainant reasserts the above-mentioned allegations of breach and contends that the agency violated the 1999 and 2004 settlement agreements. Complainant argues that no other GS-13 employees in Social Work Service have been required to assume clerical duties and that these duties are not in concert with his regular duties and responsibilities.

3                                                                01A52456

Complainant additionally contends that the agency violated the 1999 settlement agreement because the agreement requires the agency to provide him with necessary information in order to prepare and update the budget and this information was purposely being kept from him. Lastly, complainant asserts that even though he is no longer required to complete payroll and billing duties, S1 cited that helping with payroll and billing would help complainant meet performance standards.

In its Opposition Brief, dated April 7, 2005, the agency requests that we affirm the FAD's holding with respect to the first breach allegation. Despite the agency's failure to address complainant's second and third breach allegations in the FAD, the agency's Opposition Brief states for the first time that the agency did not breach the 1999 and 2004 settlement agreements concerning complainant's second and third breach allegations. Specifically, with respect to the second allegation, the agency states that it is in compliance with the settlement agreements as complainant failed to specify which information he was in need of. Furthermore, the agency states that because it attempted to direct complainant to the Chief of Fiscal who would remedy complainant's concerns, and because complainant never contacted said individual, the agency must be deemed to be in compliance with the terms of the settlement agreements. With respect to the third allegation, the agency argues that it is in compliance with the terms of the settlement agreements because the disputed duties were effectively removed from complainant's Performance Standards on February 7, 2005, after which complainant agreed to the removal of these duties and signed the revised Performance Standards.

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the agency, to which ordinary rules of contract construction apply. *See Herrington v. Department of Defense*, EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. *Eggleston v. Department of Veterans Affairs*, EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule. *See Hyon O v. United States Postal Service*, EEOC Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. *See Montgomery Elevator Co. v. Building Eng'g Servs. Co.*, 730 F.2d 377 (5th Cir. 1984).

Upon review, we find that the agency correctly determined that it did not breach the terms of the 1999 and 2004 settlement agreements. It is clear from a plain reading of clause (1) above that complainant could be instructed to carry out clerical. In conformity with the 1999 agreement,

the task of taking minutes is also required of other employees in Social Work Service[2] and we decline to find that the assignment of this task to complainant on a rotating basis constitutes a breach of the settlement agreements. In so finding, we note that we do not find the occasional taking of minutes to be one of complainant's "regular duties and responsibilities" as described in the settlement agreement. With respect to complainant's second allegation and clause (2) above, we find that the settlement agreements do not require the agency to provide complainant with information in order to carry out his duties. Moreover, record evidence indicates that complainant had the onus to locate the necessary information. Regardless, complainant's request for information did not go unanswered as the record indicates that the agency attempted to resolve the matter by assisting complainant. Thus, the Commission finds that the agency is in compliance with the agreement under clause (2) above. With respect to the third allegation, even though the agency initially did not comply fully with clause (2), the agency removed the disputed duties from complainant's Performance Standards. On appeal, complainant admits that his payroll and billing duties were removed. We find that the agency substantially complied with the terms of the agreement as detailed above.

## CONCLUSION

In the instant case, the Commission finds the agency's actions in this matter to be consistent with the language of the settlement agreement. Record evidence in this case simply does not support complainant's contentions. Thus, complainant is not entitled to any relief. Accordingly, the agency's final decision finding no settlement breach is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for

---

[2] The record indicates that complainant and other Compensated Work Therapy staff members were instructed to record meeting minutes twice per month on a rotating basis.

5                                                                                        01A52456

reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

_Carlton M. Hadden_ (signature)                                               JUL 1 4 2006

Carlton M. Hadden, Director                                                   Date
Office of Federal Operations

# CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Herbert L. Aaron
10410 Mountain Quail Road
Silver Spring, MD 20901

James S. Jones, Deputy Assistant Secretary, Resolution Management
Office of General Counsel (024)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC 20420

JUL 1 4 2006
Date

Equal Opportunity Assistant

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Herbert L. Aaron

## DEFENDANTS
R. James Nicholson, Secretary
U.S. Department of Veterans Affairs

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se
301-681-9383
240-475-8668
301-681-5056 (fax0

CASE NUMBER  1:06CV02156
JUDGE: Reggie B. Walton
DECK TYPE: Employment Discrimination
DATE STAMP: 12/19/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* 2255 | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of Civil Rights Act of 1964 as Amended, 42 U.S.C. 2000 et seq., Breach of Settlement Agreement

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ $150,000.00    Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 12/19/2006    SIGNATURE OF ATTORNEY OF RECORD Herbert L. Cown Pro Se

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

