UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT AARON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-2156 (RBW) |
| R. JAMES NICHOLSON, Secretary, | ) |
| U.S. Department of Veterans Affairs | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant R. James Nicholson, Secretary, Department of Veterans Affairs, hereby respectfully moves, to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

The *pro se* Plaintiff should take notice that to the extent that this motion is treated as one for summary judgment, any factual assertions contained in the attached memorandum and supporting exhibits will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

The *pro se* Plaintiff is also hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988).

A proposed Order consistent with the relief sought herein is attached.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERBERT AARON, )
)
Plaintiff, )
)
v. )
) Civil Action No. 06-2156 (RBW)
R. JAMES NICHOLSON, Secretary, )
U.S. Department of Veterans Affairs )
)
Defendants. )

**DEFENDANT'S MEMORANDUM OF POINTS OR AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff, an employee of the Defendant U.S. Department of Veterans Affairs, brings this action alleging that Defendant breached a 1999 and 2004 settlement agreement resolving several administrative complaints of discrimination. As discussed more fully below, Plaintiff's breach of contract claim is not properly before this Court and must be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

In July, 1999, Plaintiff entered into a settlement agreement with Defendant fully resolving five formal administrative complaints of discrimination. *Compl. at 1; see also Attachment 1 (July 14, 2006 Commission decision) and Attachment 2 (September 19, 2006 Commission decision)*. In February, 2004, Plaintiff entered into another settlement agreement with Defendant fully resolving another formal administrative complaint of discrimination. *Compl. at 2.*

Plaintiff alleges that in November, 2004 and December, 2004, he was assigned duties and issued performance standards in violation of the 1999 and 2004 settlement agreements. *Compl.*

*at 2*. Plaintiff appears to have timely raised allegations of breach of the settlement agreements with the Agency. *Attachment 1*. On January 21, 2005, the Agency issued a final Agency decision ("FAD") finding that it had acted in compliance with the settlement agreements. *See Attachment 1*.

Plaintiff then timely appealed the FAD to the Equal Employment Opportunity Commission ("Commission"). On July 14, 2006, the Commission issued a decision finding that the disputed Agency actions were consistent with the language of the settlement agreements. *Attachment 1*. Plaintiff then timely requested reconsideration of the Commission's decision. On September 19, 2006, the Commission denied Plaintiff's request. *Attachment 2*.

On December 19, 2006, Plaintiff then filed the instant civil action. *Docket Entry 1*. In pertinent part, Plaintiff states that this "is a civil action following the decision of the U.S. Equal Employment Commission finding that the Department of Veterans did not breach the settlement agreements with the plaintiff." *Compl. at 2*. Among other things, Plaintiff requests as relief "compensatory damages in the amount of $150,000.00." *Compl. at 4*.

**STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. Of Am, 511 U.S. 375, 377 (1994). To carry its burden of establishing jurisdiction, a plaintiff must "establish the Court's subject matter jurisdiction by a preponderance of the evidence." Asemani v. United States, 2005 WL 975635, *2 (D.D.C. Apr. 21, 2005); Malewicz v. City of Amsterdam,

362 F.Supp.2d 298, 305 (D.D.C. 2005).

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted); see also Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). While a plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint. Kowal, 16 F.3d at 1276; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004); Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence. See id.; Rann, 154 F. Supp.2d at 64.

## ARGUMENT

### A. Court Lacks Subject Matter Jurisdiction Over Claims Involving Breach Of A Settlement Agreement

A claim that a party has breached a settlement agreement is a contract claim. See Shaffer v. Veneman, 325 F.2d 370, 372 (D.C. Cir. 2003) (claim of breach of settlement agreement is contract claim). The D.C. Circuit routinely and uniformly treats administrative settlements of discrimination claims as contracts. See, e.g., Saksenasingh v. Secretary of Education, 126 F.3d 347, 348-49 (D.C. Cir. 1997); Bowden v. United States, 106 F.3d 433, 436 (D.C. Cir. 1997).

The Tucker Act, 28 U.S.C. §1491 provides the exclusive remedy for contract claims against the government. See Transohio Savs. Bank v. Dir., Office of Thrift Supervision, 967 F.2d 598, 609 (D.C. Cir. 1992); 28 U.S.C. § 1491. Specifically, the Tucker Act provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Federal district courts and the Court of Federal Claims have concurrent jurisdiction only if the claim does not exceed $10,000.00. See 28 U.S.C. § 1346(a)(2). However, if the claim exceeds $10,000.00, the Court of Federal Claims has exclusive jurisdiction. Waters v. Rumsfeld, 320 F.3d 265, 270 (D.C. Cir. 2003) (citing Globe v. Marsh, 684 F.2d 12, 15 (D.C. Cir. 1982).

In this case, it is undisputed that Plaintiff's complaint alleges a "breach of the settlement agreements" and that he is requesting $150,000.00 in damages. *Compl. at 2, 4.* Thus, the Court

of Federal Claims has exclusive jurisdiction over this matter and Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss this complaint for lack of subject matter jurisdiction.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Motion to Dismiss was served by first class mail upon *pro se* plaintiff at:

**HERBERT AARON**
10410 Mountain Quail Road
Silver Spring, MD 20901

on this 22nd day of March, 2007.

QUAN K. LUONG
Special Assistant United States Attorney

Westlaw.



2006 WL 2041420 (E.E.O.C.), EEOC DOC 01A52456

**(Cite as: 2006 WL 2041420 (E.E.O.C.))**

E.E.O.C.

*1 Office of Federal Operations

HERBERT L. AARON, COMPLAINANT,
v.
R. JAMES NICHOLSON, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, AGENCY.
Appeal No. 01A52456 [FN1]
Agency Nos. 97-0366; 97-1055; 97-2210; 98-3107 and 2004-2115

July 14, 2006

DECISION

Complainant filed a timely appeal with this Commission from a final decision (FAD) by the agency dated January 21, 2005, finding that it was in compliance with the terms of the July 15, 1999 and the February 9, 2004 settlement agreements into which the parties entered. The settlement agreement, dated July 15, 1999, provided, in pertinent part, that:

(1) Complainant may be required to perform clerical tasks in concert with his regular duties and responsibilities. These clerical tasks will be comparable to those performed by other employees in Social Work Service and will in no way become part of [complainant's] regular duties and responsibilities.

(2) Note, payroll and billing duties will not be transferred to Complainant. However, he will be required to aggregate all the information generated so that well-informed decisions may be made with respect to the budget by the Coordinator, Compensated Work Therapy; and Chief of Social Work Service and/or the Head of the Product Line. Complainant will substantially prepare a budget and will assist the Coordinator, Compensated Work Therapy; and Chief of Social Work Service and/or Head of the Product Line, prepare the budget. Complainant's duties in this area will include reviewing the adequacy of fund control balances and monitoring trends and/or gaps in billing and cash receipts which might adversely affect the overall budget process. Complainant's oversight, monitoring and review of the budget process will be ongoing throughout the fiscal year.

The settlement agreement, dated February 9, 2004, provided, in pertinent part, that the agency shall "Continue to honor the terms and conditions specified in the Complainant's prior EEO Settlement Agreement dated July 15, 1999."

By three separate letters to the agency, complainant alleged that the agency was in breach of the 1999 settlement agreement, and requested that the agency specifically implement its terms. First, by letter dated November 13, 2004, complainant alleged that the agency violated the 1999 settlement agreement when

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment 1

complainant's supervisor (S1) assigned complainant clerical duties by requesting that he complete minutes at agency meetings. Complainant alleged that the 1999 settlement agreement prohibits such duties. Second, by letter dated November 23, 2004, complainant alleged that the agency was in breach of the 1999 settlement agreement when the agency stopped providing complainant with information that complainant needed in order to aggregate financial data. Third, by letter dated December 17, 2004, complainant alleged that the agency was in breach of the 1999 settlement agreement when the agency required complainant to perform payroll and billing duties. Complainant alleged that the 1999 settlement agreement prohibits such duties.

*2 The agency's FAD, dated January 21, 2005, found that the agency did not breach the 1999 settlement agreement when S1 asked complainant to perform clerical duties. The agency argued that the plain and unambiguous language of the 1999 settlement agreement clearly permits the assignment of clerical duties to complainant. Moreover, the agency indicated that the clerical duties are similar to the duties carried out by others in Social Work Service as required under the 1999 settlement agreement. The agency failed to address complainant's second and third breach allegations.

On appeal, complainant reasserts the above-mentioned allegations of breach and contends that the agency violated the 1999 and 2004 settlement agreements. Complainant argues that no other GS-13 employees in Social Work Service have been required to assume clerical duties and that these duties are not in concert with his regular duties and responsibilities. Complainant additionally contends that the agency violated the 1999 settlement agreement because the agreement requires the agency to provide him with necessary information in order to prepare and update the budget and this information was purposely being kept from him. Lastly, complainant asserts that even though he is no longer required to complete payroll and billing duties, S1 cited that helping with payroll and billing would help complainant meet performance standards.

In its Opposition Brief, dated April 7, 2005, the agency requests that we affirm the FAD's holding with respect to the first breach allegation. Despite the agency's failure to address complainant's second and third breach allegations in the FAD, the agency's Opposition Brief states for the first time that the agency did not breach the 1999 and 2004 settlement agreements concerning complainant's second and third breach allegations. Specifically, with respect to the second allegation, the agency states that it is in compliance with the settlement agreements as complainant failed to specify which information he was in need of. Furthermore, the agency states that because it attempted to direct complainant to the Chief of Fiscal who would remedy complainant's concerns, and because complainant never contacted said individual, the agency must be deemed to be in compliance with the terms of the settlement agreements. With respect to the third allegation, the agency argues that it is in compliance with the terms of the settlement agreements because the disputed duties were effectively removed from complainant's Performance Standards on February 7, 2005, after which complainant agreed to the removal of these duties and signed the revised Performance Standards.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the agency, to which ordinary rules of contract construction apply. See Herrington v. Department of Defense, EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. Eggleston v. Department of Veterans Affairs, EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule. See Hyon O v. United States Postal Service, EEOC Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. See Montgomery Elevator Co. v. Building Eng'g Servs. Co., 730 F.2d 377 (5th Cir. 1984).

***3** Upon review, we find that the agency correctly determined that it did not breach the terms of the 1999 and 2004 settlement agreements. It is clear from a plain reading of clause (1) above that complainant could be instructed to carry out clerical. In conformity with the 1999 agreement, the task of taking minutes is also required of other employees in Social Work Service [FN2] and we decline to find that the assignment of this task to complainant on a rotating basis constitutes a breach of the settlement agreements. In so finding, we note that we do not find the occasional taking of minutes to be one of complainant's "regular duties and responsibilities" as described in the settlement agreement. With respect to complainant's second allegation and clause (2) above, we find that the settlement agreements do not require the agency to provide complainant with information in order to carry out his duties. Moreover, record evidence indicates that complainant had the onus to locate the necessary information. Regardless, complainant's request for information did not go unanswered as the record indicates that the agency attempted to resolve the matter by assisting complainant. Thus, the Commission finds that the agency is in compliance with the agreement under clause (2) above. With respect to the third allegation, even though the agency initially did not comply fully with clause (2), the agency removed the disputed duties from complainant's Performance Standards. On appeal, complainant admits that his payroll and billing duties were removed. We find that the agency substantially complied with the terms of the agreement as detailed above.

## CONCLUSION

In the instant case, the Commission finds the agency's actions in this matter to be consistent with the language of the settlement agreement. Record evidence in this case simply does not support complainant's contentions. Thus, complainant is not entitled to any relief. Accordingly, the agency's final decision finding no settlement breach is AFFIRMED.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

STATEMENT OF RIGHTS - ON APPEAL RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

***4** Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

For the Commission:

Carlton M. Hadden

Director

Office of Federal Operations

FN1. The Commission has simultaneously closed EEOC Appeal No. 01A52457 because it is a duplicate of the instant appeal. We note that complainant contends that EEOC Appeal No. 01A52457 ought to be decided separately from the instant appeal because it addresses his allegations of breach of a 2004 settlement agreement, whereas 01A52456 addresses allegations of breach of a 1999 settlement agreement. The agency responds that all of complainant's breach allegations should be addressed in one decision on appeal, noting that the 2004 settlement agreement merely "honors" the terms of the 1999 settlement agreement, and therefore, all of complainant's breach allegations concern the same terms that are in both settlement agreements. We find that complainant has only appealed one FAD (issued January 21, 2005) concerning breach allegations that apply equally to the 1999 and 2004 settlement agreements. Accordingly, we agree with the agency that only one appeal should have been docketed in this matter.

FN2. The record indicates that complainant and other Compensated Work Therapy staff members were instructed to record meeting minutes twice per month on a rotating basis.

2006 WL 2041420 (E.E.O.C.), EEOC DOC 01A52456

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

E.E.O.C.

*1 Office of Federal Operations

AARON L. HERBERT, COMPLAINANT,
v.
R. JAMES NICHOLSON, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, AGENCY.
Request No. 05A60991
Appeal No. 01A52456
Agency Nos. 97-0366; 97-1055; 97-2210; 98-3107 & 2004-2115

September 19, 2006

DENIAL

Complainant timely requested reconsideration of the decision in Aaron L. Herbert v. Department of Veterans Affairs, EEOC Appeal No. 05A60991 (July 14, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(b).

The underlying appeal to our office involved an alleged breach of settlement. Complainant argued that the agency had violated the terms of the July 15, 1999 and February 9, 2004 settlement agreements [FN1] when it (1) assigned him the clerical duty of taking minutes at agency meetings; (2) stopped providing him information to aggregate data; and (3) required him to perform payroll and billing duties. In our decision on the matter, we affirmed the agency's final decision concluding that the agency substantially complied with the settlement agreements. Specifically, we determined that the plain language of the July 15, 1999 agreement permits the agency to assign to complainant clerical tasks such as the one he disputes. We also found that the settlement agreements did not require the agency to provide complainant with the information he claims. Lastly, we found that although the agency did not initially comply with clause (2) of the July 15, 1999 agreement, the agency removed the disputed duties from his Performance Standards, thus resolving the matter.

In his request for reconsideration, complainant maintains that the agency remains in breach of the agreements. Specifically, he argues that the taking meeting minutes is not the kind of clerical task envisioned by the drafters and signatories of the agreements. He points out that we incorrectly stated that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment 2

Compensated Work Therapy employees, who perform such tasks, are part of the Social Work Service group. The agreement, he indicates, specifically states that he may perform clerical duties of the sort Social Work Service employees perform. Additionally, he argues that the agency retaliated against him for his protected activity by withholding information necessary to aggregate data, and that that is a breach of the agreement. Lastly, he maintains that although the payroll and billing duties were taken off of his performance standards, his supervisor still expects him to perform such duties.

As mentioned above, we only grant requests for reconsideration in two very narrow circumstances. Our regulations and Management Directive are very clear: a "request for reconsideration is not a second appeal to the Commission." Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at 9- 17 (rev. Nov. 9, 1999). We note that the only relevant argument that complainant raises before us now is, as he argues, that we misinterpreted material facts of his claim because we stated that the taking minutes is an acceptable clerical task as Compensated Work Therapy employees are a subgroup of the Social Work Service group. We do not dispute that such a distinction between the two employee groups exists; however, we find the distinction to be immaterial. The taking of meeting minutes is a function that falls under the OPM's definition of what constitutes "clerical" tasks. See OPM, Clerical and Technical Accounting and Budget Work at 3 (Dec. 1997). It involves the preparing of documents, and compiling information from data sources. See id. Regardless of who performs the task, the taking a minutes is a clerical task.

*2 As such, we deny the request for reconsideration as it fails to meet the criteria of 29 C.F.R. § 1614.405(b). Based on the evidence before us, our interpretation of the material facts and law of this case are not clearly in error, and we do not find that our previous decision overlooked any material evidence. It is clear to us that complainant intended to file a second appeal, but that is not the purpose of our reconsideration authority. Therefore, the decision in EEOC Appeal No. 01A52456 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request. [FN2]

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z1199)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

For the Commission:

Carlton M. Hadden

Director

Office of Federal Operations

FN1. The February 2004 agreement states, in pertinent part, that the agency shall "continue to honor the terms and conditions specified in the Complainant's prior EEO Settlement Agreement dated July 15, 1999." In his request for reconsideration, complainant attempts to draw a distinction between the terms of the agreement, but based on the plain language of the February 2004 agreement, we find no such distinction.

FN2. To the extent complainant raises a retaliation claim, the issue should be raised to an EEO Counselor within forty-five days of the alleged incident and should be processed as a new and separate claim, and not as a breach allegation. See Bindal v. Dep't of Veterans Affairs, EEOC Request No. 05900225 (Aug. 9, 1990).

2006 WL 2792529 (E.E.O.C.), EEOC DOC 05A60991

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT AARON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-2156 (RBW) |
| R. JAMES NICHOLSON, Secretary, | ) |
| U.S. Department of Veterans Affairs | ) |
| | ) |
| Defendants. | ) |

ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss, the grounds stated therein, and the entire record in this matter, it is by the Court this ____________ day of ______________________, 2007, hereby

ORDERED that Defendant's Motion to Dismiss be and hereby is granted.

_______________________________________
UNITED STATES DISTRICT COURT JUDGE